83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward A. SMITH, Jr., Plaintiff-Appellant,
v.
R.C. PLASTER, et al., Defendants-Appellees.
 No. 95-3545.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Edward A. Smith, Jr., appeals a district court order dismissing as frivolous his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Smith sued numerous Ohio correctional officials and employees in their individual and official capacities, alleging that the defendants violated his due process rights when they convicted him of a disciplinary violation. The district court concluded that Smith had not exhausted his available state remedies and dismissed the complaint as frivolous. Smith has filed a timely appeal, in which he proceeds in forma pauperis.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Smith's complaint as frivolous pursuant to 28 U.S.C. § 1915(d). This court reviews a district court's § 1915(d) frivolity dismissal for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity or claims of infringement of a legal interest which clearly does not exist. Id. at 327-28.
 
 
 5
 Initially, we note that the district court improperly concluded that Smith was required to exhaust his available state remedies prior to filing his federal complaint. The district court based its conclusion on Gibbs v. Hopkins, 10 F.3d 373 (6th Cir.1993), which interpreted the Supreme Court's decision in Parratt v. Taylor, 451 U.S. 527 (1981), to require that, for a prisoner to state a claim for the deprivation of liberty without procedural due process of law, he must plead and prove the inadequacy of state remedies to redress the alleged wrongs. Gibbs, 10 F.3d at 378. However, the Supreme Court has clarified that the Parratt doctrine will defeat a procedural due process claim only if: 1) the deprivation was unpredictable or random; 2) predeprivation process was impractical; and 3) the state actor was not authorized to take the action that deprived the plaintiff of his property or liberty. See Zinermon v. Burch, 494 U.S. 113, 136-39 (1990). In Smith's case, the defendants' actions in sentencing him to disciplinary segregation were not random or unauthorized, but were rather undertaken pursuant to established prison procedures. Predeprivation process was not impractical; indeed, it is exactly this process that Smith now challenges. Lastly, the defendants were authorized to take their actions by prison policy. Consequently, the Parratt doctrine does not apply to defeat Smith's claim.
 
 
 6
 Nonetheless, we affirm the district court's judgment because Smith's claim that the defendants improperly convicted him of a disciplinary violation is without merit. This court may affirm a decision of the district court if that decision is correct for any reason, including a reason not considered by the district court. Allen v. Diebold, Inc., 33 F.3d 674, 676 (6th Cir.1994).
 
 
 7
 We first note that Smith had a liberty interest in not being convicted of the disciplinary violation. A prisoner does not normally have a liberty interest in remaining free of disciplinary segregation. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). However, a prisoner can establish a liberty interest in not being subject to a disciplinary conviction by demonstrating that the conviction imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 2300. In this case, the disciplinary board's punishment included Smith's loss of good time credits for a three month period.
 
 
 8
 Even assuming the defendants' revocation of Smith's good time credits gives rise to a liberty interest, the defendants complied with due process in sentencing Smith to disciplinary segregation and revoking his credits. An inmate may not be deprived of a liberty interest unless the inmate receives: 1) written notice of the hearing at least 24 hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Further, some evidence must exist to support the disciplinary conviction. Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 9
 Smith received all of the process to which he was entitled. On August 5, 1994, a hearing officer reviewed the matter and determined that it should be referred to the institution's Rules Infraction Board (RIB) for a full hearing. Smith was informed of the referral at this time. On August 17, the RIB hearing was held and the panel received testimony from a prison officer that Smith received illegal drugs from outside the prison and engaged in sexual activity with a prison employee. Smith testified in his own defense. The RIB found Smith guilty of the charges. The defendants subsequently determined that Smith had not been adequately informed of certain rights provided by prison policy prior to the first hearing. Consequently, the RIB conducted another hearing on September 14, of which Smith again received several days advance notice. At the second hearing, the reporting officer repeated his testimony concerning Smith's illicit activity. Smith cross-examined the officer, testified on his own behalf, and called several witnesses. Following the hearing, the panel issued a written report, concluding that Smith had committed the offenses in reliance on the testimony of the reporting officer. These facts reveal that the defendants provided Smith with all of the process to which he was entitled. Further, the reporting officer's testimony constitutes some evidence to support Smith's disciplinary conviction. As the defendants complied with due process, Smith's claim is without merit.
 
 
 10
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation